UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMADA OIL & GAS COMPANY, INC.,

       Plaintiff,

vs.
                                     Case No. 06-CV-10269
                                     HON. GEORGE CARAM STEEH

EPPCO, INC., et al.,

       Defendants.

_____/

## ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S STATE LAW CLAIMS AS ALLEGED IN COUNTS II THROUGH V AND DEFENDANTS' STATE LAW COUNTERCLAIMS AS ALLEGED IN COUNTERCLAIM COUNTS I AND II PURSUANT TO 28 U.S.C. § 1367(c)(2)

Plaintiff Armada Oil & Gas filed a First Amended Complaint on February 21, 2006, and an amended motion for injunctive relief on February 28, 2006. Armada alleges it took an assignment of rights from British Petroleum ("BP")/Amoco on May 17, 2005 as to 85 Dealer Supply Agreements, including five contracts at issue here with whom the parties refer to as the Wyandotte Station, Trenton Station, Canton Station, Ford Station, and Lincoln Park Speedy Mart Station. All five Stations are located in Michigan. Defendants Ray and Hakim Fakhoury are the alleged owners/operators of the Stations, either individually or through defendants R&R Enterprises and Canton Holdings, LLC. Armada alleges the Stations are obligated under their respective contracts to advertise and sell only BP/Amoco products. Defendants EPPCO, Inc. and Future Fuels of America, LLC allegedly have been selling non-BP/Amoco products to the Stations since August 2005. The Stations in turn have allegedly been selling non-BP/Amoco products - Marathon Oil products - to the public using BP's and Amoco's trademarks. Armada alleges Hakim Fakhoury sent

Armada an October 3, 2005 letter stating the Stations would no longer operate as BP stations, and an October 24, 2005 letter stating the Stations intended to purchase from other suppliers.  Count I alleges federal trademark infringement.  Counts II through V allege state law claims, respectively, of: unfair competition under Michigan common law; tortious interference with contract against EPPCO and Future Fuels; breach of contract against the signatories to the five Station contracts; and a right to a declaratory judgment that a restrictive covenant in the deed to the Canton Station, requiring the property to be maintained as a BP station, is legally enforceable.  Defendants Ray Fakhoury and Canton Holdings have filed two state law counterclaims of breach of the Uniform Commercial Code's duty of good faith and fair dealing with respect to the Canton Station and Ford Station, and breach of contract.  A third counterclaim alleges violations of the federal Petroleum and Marketing Practices Act.

Armada's motion for injunctive relief was premised almost exclusively on the federal trademark claims, with Armada arguing that there was a likelihood of customer confusion in that the Trenton Station, Lincoln Park Speedy Mart Station, and Wyandotte Station are now selling Marathon Oil products using BP and Amoco trademarks.  Armada also argued that it had been refused a contractual right to inspect the Ford Station, which Armada leases to the Station operator.  The court held a hearing on Armada's motion for injunctive relief on March 30, 2006n after which the parties reached an agreement that the Trenton Station, Lincoln Park Speedy Mart Station, and Wyandotte Station would completely de-brand and remove all BP/Amoco trademarks and the like within 10 days, and that Armada would be given access to the Ford Station under the terms of its lease.  An Order to that effect entered on April 10, 2006.

In any civil action where a district court has original subject matter jurisdiction, the district court also enjoys supplemental jurisdiction "over all claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over any such claim if that claim "substantially predominates over the claim or claims over which the district court has original jurisdiction[.]" 28 U.S.C. § 1367(c)(2).

> Under the standard enunciated in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction." Cirasuola v. Westrin, No. 96-1360, 1997 WL 472176, at *1 (6th Cir. Apr.18, 1997), aff'g, 915 F.Supp. 909 (E.D.Mich.1996) (Gadola, J.).

Taylor v. Garden City Hosp., No.06-10182, 2006 WL 176417, *1 (E.D.Mich Jan. 23, 2006) (Gadola, J.) (Slip Copy).

Here, the court has original jurisdiction under 28 U.S.C. § 1331 over Armada's trademark infringement claim, and the federal counterclaim of violations of the federal Petroleum and Marketing Practices Act. As explained on the record at the March 30, 2006 hearing, Armada's state law claims of unfair competition in violation of Michigan common law, tortious interference with contract, breach of contract, and right to declaratory relief as to a restrictive covenant in the deed to the Canton Station real property, and defendants Ray Fakhoury's and Canton Holdings's state law counterclaims of breach of duties owing under Michigan's Uniform Commercial Code and breach of contract, substantially predominate over the federal claim and counterclaim. The parties also apprised the court that a related state court proceeding is pending in Wayne County Circuit Court. In fact, the parties acknowledged some overlap or duplication of claims among the state law based counts between the two lawsuits. Considering the circumstances of this particular case, the nature of the parties' state law claims and counterclaims, the relationship between the

state and federal claims and counterclaims, and the values of judicial economy and comity, the court hereby declines to exercise supplemental jurisdiction over the parties' state law claims and counterclaims. See Garden City Hosp., 2006 WL 176417, at *2.

Accordingly, and for the reasons set forth herein and at the March 30, 2006 hearing, Armada's state law claims as alleged in Counts II through V of its First Amended Complaint, and defendants Ray Fakhoury's and Canton Holdings's state law counterclaims as alleged in Counts I and II of their March 13, 2006 Counter-Complaint, are hereby DISMISSED without prejudice. The court declines to exercise supplemental jurisdiction over these state law claims and counterclaims. The court retains original jurisdiction over the remaining federal claim of trademark infringement as alleged in Count I, and the remaining federal statutory counterclaim under the Petroleum and Marketing Practices Act as alleged in Count III of the Counter-Complaint.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: April 12, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 12, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk